

JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALEMON DIAZ,<br><br>    Plaintiff,<br><br>vs.<br><br>AA CATERING, INC., d/b/a/ TURKISH CUISINE, and AYSE SMITH, in her individual and corporate capacities,<br><br>    Defendants. | Case No.: |



## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Palemon Diaz, ("Plaintiff" or "Mr. Diaz"), by and through his attorneys, The Ottinger Firm, P.C., as and for his Complaint in this action against Defendant AA Catering, Inc., d/b/a/ Turkish Cuisine, and Ayse Smith, in her individual and corporate capacities, (together "Defendants") alleges as follows:

### PRELIMINARY STATEMENT

1. This action is brought to redress Defendants' unlawful failure to pay (i) minimum wage; (ii) overtime compensation and (iii) "spread of hours" compensation to Plaintiff for all hours worked, in violation of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), as was well in violation of the New York Labor Law §§ 190, *et seq.*, as amended ("NYLL").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 as this action is brought under the FLSA pursuant to 29 U.S.C. §§ 207 *et seq.*

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the wage and hour violations that have given rise to Plaintiff's claims as alleged herein occurred in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Defendants maintain a principal place of business in New York City and are subject to personal jurisdiction in New York.

## PROCEDURAL REQUIREMENTS

7. Contemporaneous with the filing of this lawsuit, Plaintiff will forward a copy of this complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

8. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

9. Plaintiff Palemon Diaz is a current employee of Defendants and resides in the State of New York. He has been employed by Defendants at Turkish Cuisine restaurant located at 631 Ninth Avenue, New York, New York 10036 (the "Restaurant") for approximately ten (10) years as a salaried Dishwasher. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

10. Defendant AA Catering, Inc., d/b/a Turkish Cuisine, is a domestic business corporation duly organized under the laws of the State of New York, with corporate headquarters at 631 Ninth Avenue, New York, New York 10036, within the jurisdiction of this Court, where it

operates as the owner of the Restaurant. Upon information and belief, Defendant AA Catering, Inc., d/b/a Turkish Cuisine, directly owns and operates the Restaurant. At all relevant times, Defendant AA Catering, Inc., d/b/a Turkish Cuisine, met the definition of "employer" under all applicable statutes.

11. Defendant Ayse Smith, upon information and belief, resides in the State of New York and maintains a place of business at 631 Ninth Avenue, New York, New York 10036, within the jurisdiction of this Court. Upon information and belief, at all relevant times Defendant Ayse Smith, is and/or was the owner, CEO, President, principal shareholder, and/or managing member of the Defendant AA Catering, Inc., d/b/a Turkish Cuisine, was in active control and management of the Restaurant, and regulated the employment of persons employed by the Restaurant, including Plaintiff. At all relevant times, Defendant Ayse Smith met the definition of "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

12. Plaintiff has been employed by Defendants as a non-exempt, back of house Dishwasher at the restaurant for approximately ten (10) years, and is paid a weekly flat-rate salary based on his set weekly schedule of sixty-eight (68) hours per workweek.

13. As Dishwasher, Plaintiff's primary duties consist of washing dishes, sweeping floors, stocking shelves, packing and unpacking foodstuffs, performing maintenance and so forth, and at no time material hereto did he have management as his primary duty, nor did he ever exercise true discretionary power in connection with matters of significance.

14. From the outset of his employment in or around 2003 until approximately August 2011, Plaintiff was paid a fixed weekly salary of $370.00 for his fixed weekly schedule totaling sixty-eight (68) hours per week.

15. From in or around August 2011 until the present, Plaintiff has been paid a fixed weekly salary of $550.00 for his fixed weekly schedule totaling sixty-eight (68) hours per week.

16. From the outset of his employment through the present, Plaintiff's mandatory sixty-eight (68) hours have been structured in accordance with the following schedule:

> Monday: 3:30 p.m. – 11:30 p.m.
> Tuesday: 11:30 a.m. – 11:30 p.m.
> Thursday: 11:30 a.m. – 11:30 p.m.
> Friday: 11:30 a.m. – 11:30 p.m.
> Saturday: 11:30 a.m. – 11:30 p.m.

17. Although Plaintiff routinely and systematically works a total of twenty-eight (28) hours in excess of forty (40) hours per workweek, as a matter of policy, Defendants do not, and have not ever, compensated Plaintiff at the minimum wage rate and/or overtime premium rate of pay for any and/or all hours worked in excess of forty (40) hours per workweek, nor have Defendants paid Plaintiff "spread of hours" compensation for any occasion on which Plaintiff works and/or has worked over ten (10) hours per day.

## FIRST CAUSE OF ACTION
### (Unlawful Failure to Pay Overtime Compensation under the FLSA)

18. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

19. At all relevant times, Defendants have been "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

20. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

21. During his employment with Defendants, within the applicable statute of limitations, Plaintiff worked in excess of forty (40) hours per workweek without any compensation, either at the minimum wage rate or overtime premium rate. Despite the hours worked by Plaintiff, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay him minimum wage and/or overtime compensation.

22. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §§ 216(b) and 255(a), entitling Plaintiff to an award of liquidated damages and such other legal and equitable relief as the Court deems just and proper.

24. Additionally, Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
**(Unlawful Failure to Pay Minimum Wage and/or Overtime Compensation under the NYLL)**

25. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

26. At all relevant times, Plaintiff is and was an employee and Defendants were his employers within the meaning of the NYLL.

27. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

28. Defendants have systematically failed to pay Plaintiff the minimum wage and/or overtime premium rate wages to which he is entitled under the NYLL since, on a weekly basis, Plaintiff was mandatorily required and scheduled to work a schedule of sixty-eight (68) hours per week.

29. By Defendants' failure to pay Plaintiff the minimum wage and/or overtime premium rate for hours worked in excess of forty (40) hours per workweek, they have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

30. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (Violation of the NYLL: Spread of Hours)

31. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

32. Consistent with their policy and pattern or practice, Defendants failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten (10) hours.

33. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. That Defendants are found to have violated the FLSA as to Plaintiff;

B. That Defendants are found to have violated the provisions of the NYLL as to Plaintiff;

C. That Defendants' violations as described above are found to be willful;

D. An award to Plaintiff for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E. That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

F. An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: September 5, 2013
New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _____
Robert W. Ottinger
Stephanie M. Herschaft

20 West 55th Street, 6th Floor
New York, New York 10019
Tel: (212) 571-2000
Fax: (212) 571-0505
robert@ottingerlaw.com
stephanie@ottingerlaw.com

*COUNSEL FOR PLAINTIFF*