# LEE LITIGATION GROUP, PLLC

30 EAST 39ᵀᴴ STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

October 31, 2013

**Via ECF**
The Honorable Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     Palemon Diaz v. AA Catering, Inc., et al.
                 Case No. 13-cv-6231

Dear Judge Crotty:

      We are counsel to Defendants in the above-captioned action. Pursuant to Your Honor's Individual Practices, Defendants request a pre-motion conference in connection with Defendants' anticipated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action.

      To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d. 929 (2007)). Plaintiffs must allege sufficient facts to "nudge their claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Though the Court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555).

      Determining whether a plausible claim has been plead is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "Both the FLSA and NYLL require that a complaint state more than vague legal conclusions to survive a [Rule] 12(b)(6) motion." *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2011 U.S. Dist. LEXIS 8585, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011). See also *Lundy v. Catholic Health System of Long Island, Inc.*, 2013 U.S. App. LEXIS 4316 (2d Cir. Mar. 1, 2013).

      Under these standards, Plaintiff's complaint is deficient in the following ways:

      A.     *Plaintiff's Federal Claims are Time Barred*

The Portal-to-Portal Act provides that any suit to enforce a cause of action for unpaid

compensation or liquidated damages under the Fair Labor Standards Act "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

Plaintiff fails to allege facts stating a plausible, timely claim for minimum wages under the FLSA. Plaintiff alleges that after August 2011 he was paid $550 per week. Based on the schedule Plaintiff is alleged to have worked, he worked 56 hours per week. Dividing his weekly salary by his alleged hours worked, he was paid above the minimum wage at all times during the FLSA statutory period.

Absent any federal claim, the Court should decline to exercise supplemental jurisdiction over any state law claims Plaintiff may have.

B. *Plaintiff Fails to Allege Facts Demonstrating that Individual Defendant Ayse Smith was Plaintiff's Employer*

Plaintiff has failed to sufficiently allege facts supporting that individual defendant Ayse Smith qualified as a statutory employer under both the FLSA and NYLL. The Second Circuit has delineated a four factor "economic reality test" for determining whether a defendant exercised formal control under an employee, namely: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined the rate and method of Plaintiff's payment, and (4) maintained Plaintiff's employment records. Herman, 172 F.3d at 139 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d. Cir. 1984)); see also *Lopez*, 2012 WL 6062501, at *3; *Perez*, 2013 WL 749497, at *6.

Courts in this circuit have held that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a motion to dismiss, *Diaz*, 2010 WL 3910280 at *4 (S.D.N.Y. Sept. 28, 2010); *Sampson v. MediSys Health Network, Inc.*, No. CV 10-1342(SJF)(ARL), 2012 WL 3027850 at * (E.D.N.Y. Feb. 9, 2012) adopted as modified by 2012 WL 3027838; *Tracy v. NVR, Inc.*, 667 F.Supp.2d 244, 247 (W.D.N.Y. 2009).

Here, Plaintiff alleges no specific facts, aside from stating the elements of the "economic reality test" to satisfy their pleading burden.

C. *Plaintiff's Allegations Consist of Threadbare Legal Conclusions and Lack Sufficient Detail*

Plaintiff's Complaint lacks the factual specificity to make out a plausible claim. As an initial matter, Plaintiff alleges he was paid a "fixed weekly salary" during the relevant period; therefore, Plaintiff does not allege – as he must – that he is an "hourly employee" covered by FLSA and NYLL. Plaintiff fails to allege whether he and his employer had an explicit agreement regarding whether Plaintiff's fixed salary covered a certain number of hours worked. Further, Plaintiff's Complaint is completely silent as to the relevant fact that Plaintiff made

deliveries for the restaurant, for which he received tips and whether any tip credit claimed is invalid.

Plaintiff's overtime claims fail because he alleges conduct over many years – yet fails to identify a coherent claim of overtime hours he worked in any particular time period. Plaintiff's blanket statement that he worked "68 hours per week" every week throughout the duration of his employment contradicts the work schedule listed in the Complaint, of which the sum of hours amounts to 56 hours per week.

Lastly, Plaintiff fails to provide sufficient detail regarding his employment period and wages paid. Rather than accurately stating his employment period, Plaintiff generalizes that "from the outset of his employment *in or around* 2003 until *approximately* August 2011…" (Complaint at ¶ 14). These approximations are broad and unspecific and do not satisfy the requirements under *Lundy* and *Nakahata*. Further, it is unbelievable and inconceivable that Plaintiff worked the exact same schedule (detailed in ¶16 of the Complaint), with no variation, each day, week, month, and year for the entirety of his employment from 2003 to present. Such approximations lack the sufficient specificity to survive a motion to dismiss.

*       *       *

Thank you for the Court's kind consideration.


Respectfully submitted,


*/s/ C.K. Lee*
C.K. Lee, Esq.


cc:     all parties via ECF